UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC LASSAIR, PATRICIA LASSAIR AND TELEJACKS & THINGS, INC.** | **CIVIL ACTION** |
| **v.** | **NO.** |
| | **JUDGE** |
| **CITY OF NEW ORLEANS AND ARS ALEUT REMEDIATION, LLC** | **MAG. JUDGE** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1442, 1446, and 1453, among others, Defendant ARS Aleut Remediation, LLC ("AAR"), without waiving and specifically reserving all rights, defenses, objections and exceptions, hereby gives notice of removal of the above-captioned case from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and respectfully represents as follows:

### I.  BACKGROUND

1.  Plaintiffs, Eric Lassair, Patricia Lassair, and Telejacks & Things, Inc. ("Plaintiffs"), filed a "Petition for Damages and Demand for Jury Trial" (the "Petition") on or about June 11, 2019 in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled "*Eric Lassair, et al. v. City of New Orleans and ARS Aleut Remediation, LLC*," Docket No. 19-6195 (the "State Court Action"). A copy of the pleading is attached hereto as Exhibit 1.[1]

---

[1] This Notice of Removal is primarily based on the factual allegations made by Plaintiffs themselves in their Petition. AAR disagrees with many of those facts, and AAR reserves any and all rights to dispute those facts and to defend against them. For example, AAR did not undertake the remediation work which appears to be the subject of the Petition.

{N3842408.1}

2. AAR is a defendant in the State Court Action. The other defendant is the City of New Orleans (the "City").

3. In a nutshell, the Petition challenges the manner in which an environmental remediation operation -- under the supervision and control of the United States Environmental Protection Agency ("EPA") pursuant to its authority under the Comprehensive Environmental Response and Compensation Liability Act ("CERCLA") (42 U.S.C. §9601, *et seq.*) -- is being conducted.

4. In the Petition, Plaintiffs allege that they are "current or former residents, home owners and/or business owners living and/or working within three blocks of the former warehouse where the Thompson-Haywood Company once stood . . ." Petition, ¶ 7. They contend that the City "was informed in 2013 of the presence of radioactive material in the subsurface soil located at or near Lowerline Street and Edinburg Streets in New Orleans, Louisiana." Petition, ¶ 8.

5. Plaintiffs allege that "[i]n 2018, the Defendant City decided to remediate the presence of underground material producing radiation below the road surface at the intersection of Lowerline Street and Coolidge Court" and that the "Defendant City [allegedly] quietly retained a maintenance contractor, Defendant AAR, in December 2018 to remove and dispose of what had been identified as hazardous material located" at the referenced intersection. Petition, ¶ 10.

6. The Petition states that "the Defendant City and the U.S. Environmental Protection Agency and the Louisiana Department of Environmental Quality have collaborated to develop a remediation plan to address the contamination . . . ." Petition, ¶ 11. Plaintiffs say that they were advised "that on May 28, 2019, the U.S. EPA, Louisiana Department of

Environmental Quality and City [would] begin removing radiation contaminated soil." Petition, ¶ 12.

7. In particular, Plaintiffs allege that they were informed of the following before the remediation began:

> The Environmental Protection Agency (EPA), the Louisiana Department of Environmental Quality (LDEQ), and the City of New Orleans will begin removing radiation contaminated soil . . . on Tuesday, May 28, 2019.
>
> * * *
>
> All excavated material and soil will be placed in roll off bins for safe removal from the area. Representatives from EPA, LDEQ and the City will be on site throughout operations to answer questions and be sure that any possible exposure is below the established limits.

Petition, at Exhibit A.

8. Plaintiffs also concede that, in a series of "Frequently Answered Questions" (a copy of which was attached to and made part of their Petition), they were informed before the remediation work that the remediation would be under the supervision and control of the EPA:

> **How did U.S. Environmental Protection Agency (EPA) get involved?**
>
> U.S. EPA used its authority under the Comprehensive Environmental Response and Compensation Liability Act (CERCLA). CERCLA, also known as "Superfund," is a law designed to help cleanup abandoned waste facilities.
>
> * * *
>
> **How should dust contamination be controlled during remediation work?**
>
> EPA has determined the best engineering controls are water and moderation . . .   At this time, EPA does not anticipate a containment tent as a necessary precaution. EPA will have onsite monitors at the perimeter of the roadway and also, in the excavation site(s).

Petition, at Exhibit B.

9. Plaintiffs allege that "the remediation [commenced on May 28, 2019] has caused them adverse health effects and emotional distress because of the manner in which it was conducted by the Defendant City and AAR. They should have been relocated during the remediation; given an opportunity to relocate; and/or provided with personal protective gear during the remediation process." Petition, ¶ 16.

10. Plaintiffs seek damages allegedly resulting from the way the EPA-led remediation has been conducted. Petition, ¶ 17; Petition, Prayer.

11. Plaintiffs bring their claims both individually and on behalf of a class of "[a]ll former and current residents, home owners, and/or business owners of the Gert Town neighborhood living and/or working within three (3) blocks of the former warehouse where the Thompson-Haywood Chemical Company once stood . . . ." Petition, ¶ 18.

## II.   DIVERSITY JURISDICTION UNDER 28 U.S.C § 1332(d)

12. This Court has diversity jurisdiction over this putative class action under 28 U.S.C. § 1332(d). This provision is often referred to as the Class Action Fairness Act of 2005 ("CAFA").

13. Jurisdiction exists under CAFA if the federal complaint or the removed state court lawsuit alleges that the matter should be certified as a class action, the putative class contains at least 100 members, "any member of a class of plaintiffs is a citizen of a State different from any defendant," and "the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. §§ 1332(d)(2), (d)(2)(A), (d)(5)(B).

14. *First*, Plaintiffs seek class action status. Petition, ¶ 18.

15. *Second*, the putative class purports to include at least 100 members. Plaintiff's Petition alleges that "class members are in the thousands." Petition, ¶ 19.

16.     *Third*, the parties meet CAFA's minimal diversity test.  Under that test, only one proposed class member and one defendant must be citizens of different states, rather than the traditional "complete diversity" requirement.  28 U.S.C. § 1332(d)(2)(A).  Here, according to the Petition, Plaintiffs are citizens of Louisiana.  Petition, ¶¶ 1-2.  The Petition also correctly alleges that AAR is a foreign business entity domiciled in a state other than Louisiana (although the Petition mistakenly represents that AAR is domiciled in Arkansas).  AAR is a foreign limited liability company organized and existing under the laws of Alaska, with its principal place of business in Alaska.  *See* attached Exhibit 2.  Thus, CAFA's minimal diversity requirement is met.[2]

17.     *Fourth*, the amount in controversy exceeds the sum or value of $5,000,000.  The amount of the "matter in controversy" is determined by the aggregated value of the individual claims for the entire putative class.  28 U.S.C. § 1332(d)(6).  The Petition seeks the following wide-ranging damages for "thousands" of individuals:

      a)   Bodily injuries associated with exposure to Radium 226 and/or radiation;

      b)   Increased risk of adverse health effects associated with exposure to Radium 226 and/or radiation;

      c)   Fear of contraction of disease as a result of exposure to Radium 226 and/or radiation;

      d)   Emotional distress and anxiety;

      e)   Diminution and/or decrease in property values from environmental stigma;

      f)   Medical Monitoring; and

      g)   Other damages to be determined at trial.

---

[2] Under CAFA, limited liability companies are treated like corporations for purposes of determining citizenship.  28 U.S.C. § 1332(d)(10).

Petition, ¶¶ 17-18.  In addition, Plaintiffs seek recovery of attorneys' fees.  Petition, Prayer. Clearly, these types of damages for "thousands" of individuals, plus attorneys' fees, would exceed $5,000,000.[3]

18.   CAFA seeks to expand, not restrict, federal jurisdiction and is to be broadly construed to effectuate that purpose.

19.   The CAFA exceptions to federal jurisdiction do not apply to a removed action.  In particular, they do not apply to this removed action.

### III.  FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §1331

20.   In addition, this Court has federal question jurisdiction, and thus this case is removable pursuant to 28 U.S.C. §§ 1331 and 1441.  Specifically, on the face of the Petition, Plaintiffs are challenging a remediation effort that is being conducted under the mandate and supervision of a federal government agency (the EPA) under a federal statute (CERCLA).

21.   Under 28 U.S.C. §1331, a district court may exercise original federal jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is present when a plaintiff's well-pleaded complaint demonstrates that (1) "federal law creates [one or more] cause[s] of action" alleged by plaintiff or (2) "plaintiff's right to relief [under one or more causes of action] necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP,* 538 F.3d 334, 337-38 (5th Cir. 2008). *See also Grable & Sons Metal Prods. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312-313 (2005); *Offshore Serv. Vessels, LLC v. Surf Subsea, Inc.,* 2012 U.S. Dist. LEXIS 150103, *12 (E.D. La. Oct. 17, 2012).  "A single claim over which federal-question jurisdiction

---

[3] AAR reiterates that it denies any and all liability and damages in this matter.  However, the "amount in controversy" requirement is based on Plaintiffs' allegations.

exists is sufficient to allow removal." *Broder v. Cablevision Systems Corp.,* 418 F.3d 187, 194 (2d Cir. 2005).

22. Here, as noted above, Plaintiffs expressly seek to bring claims that challenge the "manner in which" an EPA sponsored remediation is being conducted under the EPA's CERCLA authority. Petition, ¶¶ 11-12, 16; Petition, at Exhibits A and B. Resolving the allegations asserted by Plaintiffs will require a court to apply and interpret federal law in order to assess whether the EPA remediation is being properly conducted. *See Bender v. Jordan*, 623 F.3d 1128, 1130 (D.C. Cir. 2010); *Davis v. GMAC Mortg. LLC*, 2012 WL 860389, at *3 (M.D. Ga. Mar. 13, 2012); *Mitchell v. Osceola Farms Co*., 408 F. Supp. 2d 1275, 1278–80 (S.D. Fla. 2005). Thus, Plaintiffs' claims are created by, or necessarily require the resolution of disputed issues of, federal laws and regulations, including CERCLA and EPA regulations.

23. Plaintiffs' intent is made clear by a recent motion they filed in the State Court Action. The motion -- entitled "Plaintiffs' Motion and Order Commanding the Defendants to Take Actions to Protect the Health, Safety and Welfare of All Putative Class Members" -- is basically a request for a mandatory injunction to order the City and AAR to take certain actions in the EPA-led remediation. *See* attached Exhibit 3. For example, the motion seeks an "Order directing the immediate removal of any and all storage containers (roll off bins) used by the remediation contractor in the remediation . . . ." *Id*. In other words, Plaintiffs seek direct interference in the remediation.

24. Therefore, this Court has federal question jurisdiction in this matter based on Plaintiffs' own allegations. That result is particularly required given that federal courts generally have exclusive jurisdiction over CERCLA-related claims. *E.g.,* 42 U.S.C. § 9613(b).

25. Plaintiffs' allegations also provide the basis for federal question jurisdiction under the Atomic Energy Act as amended (42 U.S.C. § 2011, *et seq*.), the Resource Conservation and Recovery Act (42 U.S.C. § 6901, *et seq*.), and the Department of Energy, Nuclear Regulatory Commission and EPA rules on licensing, packaging, transportation, and disposal of low level radioactive/mixed waste.  The remediation activities described in the Petition implicate these statutes and regulations.

26. Plaintiffs' allegations also provide the basis for federal question jurisdiction under principles of preemption and primary jurisdiction.  For example, the State Court Action attempts to interfere in a remediation led by a federal agency.  EPA Superfund contractors are entitled to a federal indemnity under certain circumstances under 42 U.S.C. § 9619.  Plaintiffs allege that AAR is such a contractor.  That is another federal interest at stake in this litigation.

27. Finally, Plaintiffs' allegations provide the basis for federal question jurisdiction under the federal officer removal statute.  28 U.S.C. § 1442.  For example, the Petition alleges that AAR' actions were taken in connection with the performance of duties for a federal agency.

## IV. REMOVAL IS TIMELY AND VENUE IN THIS COURT IS PROPER

28. Plaintiff filed the Petition on June 11, 2019.  AAR has not been served.  Thus, this Notice of Removal is timely because it is being filed within thirty (30) days of service or other receipt of the Petition.

29. Pursuant to 28 U.S.C. §§ 1446 and 1453, a copy of all process, pleadings and orders in the State Court Action are attached to this Notice as Exhibit 4.

30. Pursuant to 28 U.S.C. § 1453(b), the other named defendant need not consent for AAR's removal of this putative class action to be proper

31. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1446 and 1453, as the Civil District Court for the Parish of Orleans, State of Louisiana, is located within the district of the Eastern District of Louisiana.  28 U.S.C. § 98.

32. By virtue of this Notice of Removal, AAR does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure, including contesting personal jurisdiction and service, or any other positions or defenses allowed under any laws or rules that are or could be applicable to this case, and AAR reserves any and all such rights.

33. Undersigned counsel certifies that a notice of filing of this removal, along with a copy of this Notice of Removal, will be promptly filed with the clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.  Also, AAR will promptly provide written notice of the filing of this Notice of Removal to counsel for Plaintiffs.

34. Based on the foregoing, this Court has original jurisdiction of this case.  Removal of this action to this Court is proper.

WHEREFORE, Defendant ARS Aleut Remediation, LLC respectfully gives notice that the State Court Action is hereby removed to this Court.

                    Respectfully submitted,

*/s/ Thomas A. Casey, Jr.*
THOMAS A. CASEY, JR. (Bar No. 1291)
STANLEY A. MILAN (Bar No. 9658)
Jones Walker LLP
201 St. Charles Avenue
New Orleans, LA  70170
Telephone:  504-582-8000
Facsimile:  504-582-8011
tcaseyjr@joneswalker.com
smilan@joneswalker.com

RYAN E. JOHNSON (Bar No. 26352)
Jones Walker LLP
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone:  225-248-2080
Facsimile:  225-248-3080
rjohnson@joneswalker.com

*Attorneys for Defendant, ARS Aleut Remediation, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 26th day of June, 2019, a copy of the foregoing pleading was filed electronically with the Clerk of Court of the Eastern District of Louisiana by using the CM/ECF system and that a copy of the foregoing pleading was served upon counsel of record by U.S. Postal Service First Class Mail, postage prepaid, and by email as follows:

Suzette P. Bagneris
Emile A. Bagneris, III
The Bagneris Law Firm, LLC
2714 Canal Street, Suite 403
New Orleans, LA  70119

Madro Banderies
Banderies Law Firm
P.O. Box 56458
New Orleans, LA  70156

Steven J. Rando
Rando Law Firm
3530 Canal Street
New Orleans, LA  70119

*/s/ Thomas A. Casey, Jr.*