UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ERIC LASSAIR, PATRICIA LASSAIR AND TELEJACKS & THINGS, INC.** | * * * * | **CIVIL ACTION NO. 2:19-cv-11377** |
| **VS.** | * * | **JUDGE JANE TRICHE MILAZZO** |
| **CITY OF NEW ORLEANS AND ARS ALEUT REMEDIATION, LLC** | * * | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

**MAY IT PLEASE THE COURT:**

Defendants, ARS Aleut Remediation, L.L.C. and ARS International, L.L.C. (collectively hereinafter "ARS"), respectfully submit this Reply Memorandum in Support of Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).[1] On September 12, 2019, Plaintiffs filed their opposition to Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) ("Plaintiffs' Opposition").[2] Plaintiffs' Opposition misconstrues the authority on the Price Anderson Act, 42 U.S.C. § 2014, 2210 *et seq.* ("PAA"), and fails to show that the PAA does not apply to the claims made by Plaintiffs. Furthermore, despite Plaintiffs attempt to make an untimely request to remand this case, there is not a motion to remand before the Court. For these reasons, Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) should be granted.

**I.    The Price Anderson Act Applies to Plaintiffs' Claims, and because Plaintiffs Do Not Dispute the Fact that Their Claims Fail under the Price Anderson Act, Plaintiffs' Claims Should be Dismissed.**

Plaintiffs' Opposition begins and ends with one argument – that the PAA does not apply to Plaintiffs' claims because this case does not involve a nuclear power plant (or its licensees) or

---

[1] *See* Rec. Doc. 30.
[2] *See* Rec. Doc. 37.

1

a nuclear weapons facility (or its licenses).  Plaintiffs do not attempt to argue that even if the PAA applies, Plaintiffs have met their burden to assert claims under the PAA.  In fact, Plaintiffs do not dispute that their claims fail under the PAA, as ARS and the City of New Orleans argued.  Consequently, if this Court finds, as it should, that the PAA applies to Plaintiffs' claims, then Plaintiffs' claims against ARS necessarily fail and must be dismissed.

Plaintiffs misconstrue the language and applicable authority of the PAA, particularly the version of the PAA that controls.[3]  The controlling version of the PAA includes broad statutory language that dictates that any exposure to specified radioactive material that causes bodily injury, sickness, or property damage falls under the PAA.[4]  Moreover, the Fifth Circuit has confirmed the breadth of the PAA.

In *Cotroneo v. Shaw Environmental & Infrastructure, Inc.*, the Fifth Circuit analyzed the language of the PAA to determine the extent of a public liability action.[5]  The *Cotroneo* Court began by noting that the PAA "employs a chain of definitions to define the scope of a 'public liability action.' "[6]  The Court then quoted the definition of "public liability action," "public liability," and "nuclear incident" to reach its conclusion regarding what is a public liability action.[7]

The Fifth Court then found that "a 'public liability action' is a suit in which a party asserts that another party bears any legal liability arising out of an incident in which the hazardous properties of radioactive material caused bodily injury, sickness, or property

---

[3] ARS' co-defendant, the City of New Orleans, examines the fallacies of the Plaintiffs' Opposition in the City of New Orleans' Reply Memorandum in Support of Motion to Dismiss (Rec. Doc. 16) ("City's Reply Memorandum"). *See* Rec. Doc. 42-1 and 44.  For efficiency sake and to minimize repetitive arguments, ARS adopts and incorporates herein the arguments found in the City's Reply Memorandum.
[4] 42 U.S.C. § 2014, *et seq*.
[5] *Controneo v. Shaw Environmental & Infrastructure, Inc.*, 639 F.3d 186 (5th Cir. 2011).
[6] *Id*. at p. 194.
[7] *Id*.

damage."[8] Applying the definition of a public liability action to the case, the Fifth Circuit held that the *Controneo* suit was "a 'public liability action' as defined by the PAA, because the plaintiffs allege that they suffered injuries and illnesses due to their exposure to radiation, and because they assert that the defendants bear legal liability arising out of these incidents of exposure to radiation."[9]

Importantly, although *Cotroneo* involved an alleged exposure to radiation at a former nuclear source fabrication facility, the Fifth Circuit did not find that the PAA applied because the alleged exposures related to a nuclear power plant or nuclear weapons facility. The Fifth Circuit in *Controneo* did not even mention the location of the alleged exposure when it decided whether the case was a public liability action under the PAA. The location was inconsequential to the Court's reading of the PAA because the amendments to the PAA purposefully expanded its scope to cover instances beyond those that occur at specific nuclear facilities. Consequently, although Plaintiffs would ask this Court to accept that the PAA only applies in the limited circumstances of exposures involving nuclear power plants or nuclear weapons facilities, the Fifth Circuit disagrees.

Plaintiffs' Opposition also ignores the cases that specifically found the PAA applied to exposures occurring at places other than nuclear power plants or nuclear weapons facilities. For example, in *Dumontier v. Schlumberger Technology Corporation*, the Ninth Circuit addressed whether the PAA applied to claims by workers who were exposed to cesium-137 on an oil drilling rig.[10] Analyzing whether the plaintiffs' alleged bodily injuries met the requirements

---

[8] *Id*.
[9] *Id*.
[10] *Dumontier v. Schlumberger Technology Corp.*, 543 F.3d 567 (9th Cir. 2008). *See also Gassie v. SMH Swiss Corp.*, 165 F.3d 23 (5th Cir. 1998) (finding in a case involving exposure to radiation from watches that remand to

3

under the PAA, the Ninth Circuit held that "*any* suit seeking compensation for a nuclear incident is preempted by the Act," so the Court rejected the plaintiffs' argument that if their damages do not fall within the definitions found in 42 U.S.C. § 2014, the PAA does not apply.[11]  The Ninth Circuit concluded that "[p]laintiffs claim compensation for exposure to radioactive material, so they can only recover if they meet the requirements of the [Price Anderson] Act."[12]

Cases such as *Dumontier* illustrate the error Plaintiffs make in their argument.  Simply because cases apply the PAA to instances where exposure to radiation occurred at a nuclear power plant or nuclear weapons facility, it does not follow that those are the only instances where the PAA applies.  Plaintiffs allege exposure to radium 226 (an explicitly identified byproduct material under the PAA) caused their injuries and that ARS and the other defendants are liable for these injuries.[13]  As the Fifth Circuit found in *Cotroneo*, Plaintiffs assert a public liability action under the PAA because they allege that they experienced injuries due to their exposure to radium-226 and because they claim that ARS is liable to them due to their exposure to this radiation.  Since Plaintiffs do not dispute that their claims fail under the PAA, Plaintiffs' claims against ARS should be dismissed.

## II. Plaintiffs Have Not Filed a Motion to Remand.

Despite Plaintiffs' request in Plaintiffs' Opposition that this Court remand the case based upon lack of subject matter jurisdiction, Plaintiffs have not filed a motion to remand, and thus, a motion to remand is not properly before the Court and should not be considered in connection with ARS' pending Motion to Dismiss Pursuant to Rule 12(b)(6).  Therefore, ARS objects to the

---

the district court was appropriate to determine whether the radioactive material at issue was "byproduct material" under the PAA but did not hold that the PAA only applies to nuclear power plants and nuclear weapons facilities).
[11] *Id*. at p. 571.
[12] *Id*.
[13] *See* 42 U.S.C. § 2014(e)(3)(A).

consideration of Plaintiffs' improper request for remand since the proper procedure has not been followed. However, should the Court decide to take up this request for remand, ARS respectfully requests ample opportunity to brief the issue.

Out of an abundance of caution, ARS nevertheless notes that remand is not warranted. As demonstrated in ARS' Motion to Dismiss Pursuant to Rule 12(b)(6) and herein, the PAA does apply to Plaintiffs' claims. Subject matter jurisdiction thus exists, and Plaintiffs' claims fail under the PAA. Additionally, ARS removed this case based upon multiple grounds - diversity jurisdiction under 28 U.S.C. § 1332(d) and federal question jurisdiction under 28 U.S.C. § 1331.[14] ARS' removal based upon federal question jurisdiction noted that Plaintiffs' allegations implicate multiple federal questions, including Plaintiffs' challenge to work occurring under CERLA, the Atomic Energy Act, the Resource Conservation and Recovery Act, and rules promulgated by the Department of Energy, Nuclear Regulatory Commission, and the EPA.[15] Consequently, even if the PAA does not apply, other bases for federal jurisdiction exist and were asserted by ARS as grounds for removal. Plaintiffs' request for remand does not address any of these other bases for removal. Remand is not warranted.

### III.  Conclusion

Plaintiffs allege that they were exposed to radium-226 (a byproduct material), that they experienced injuries due to this exposure, and that ARS is liable for this exposure. Based upon a plain reading of the PAA and the applicable authority, Plaintiffs assert a public liability action under the PAA. However, pursuant to the PAA, Plaintiffs' claims fail. Plaintiffs do not dispute

---

[14] Rec. Doc. 1.
[15] *Id.*

that their allegations and claimed injuries do not meet the requirements under the PAA for compensation. Accordingly, the PAA dictates that Plaintiffs' claims be dismissed.

WHEREFORE, Defendants, ARS Aleut Remediation, L.L.C. and ARS International, L.L.C., pray that their Motion to Dismiss Pursuant to Rule 12(b)(6) be granted and that Plaintiffs' claims against them be dismissed.

> Respectfully submitted,
> **MARON MARVEL BRADLEY ANDERSON & TARDY L.L.C.**
>
> _/s/Rebecca A. Zotti_
> ROBERT E. DILLE (#23037)
> REBECCA A. ZOTTI (#33446)
> 201 St. Charles Avenue, Suite 2411
> New Orleans, Louisiana 70170
> Telephone: (504) 684-5100
> Facsimile: (504) 613-0067
> *Attorneys for Defendant, ARS Aleut Remediation, L.L.C. and ARS International, L.L.C.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of October, 2019, a true and correct copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record participating in CM/ECF by operation of the court's electronic filing system.

> _/s/Rebecca A. Zotti_