UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERIC LASSAIR, ET AL.                         *   CIVIL ACTION NO. 19-11377
                                             *
                                             *   SECTION: "H"(1)
VERSUS                                       *
                                             *   JUDGE JANE TRICHE MILAZZO
NEW ORLEANS CITY, ET AL.                     *
                                             *   MAGISTRATE JUDGE
                                             *   JANIS VAN MEERVELD
************************************* *

ORDER AND REASONS

Before the Court is the plaintiffs' Motion for Leave to File Second Supplemental and

Amended Complaint to add Environmental Restoration, L.L.C. as a defendant. (Rec. Doc. 66).

Plaintiffs are current and former homeowners, residents, and/or business owners that were living

or working within three blocks of radioactive material in the subsurface soil near Lowerline Street

and Edinburgh Streets in New Orleans, Louisiana.  The City of New Orleans allegedly decided to

remediate in 2018. Plaintiffs filed this lawsuit on June 11, 2019, alleging they suffered damages

as a result of the environmental remediation operation. The lawsuit was removed to this court on

June 26, 2019. The City of New Orleans filed a Motion to Dismiss that is pending before the

District Judge. No scheduling order has yet been issued, nor has any deadline to amend pleadings

been set.

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a

pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties

or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ.

Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the

"district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v.

EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered

by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

Plaintiffs say they recently became aware that Environmental Restoration, L.LC., performed the remediation complained of in this lawsuit. The City of New Orleans opposes the Motion for Leave to File, arguing that the proposed amendment does not address the deficiencies it identified in its Motion to Dismiss. It complains that it would be prejudiced if the plaintiffs were allowed to amend and its Motion to Dismiss had to be refiled.

The court finds the amendment must be allowed. Joining a potentially liable defendant is important to the efficient resolution of this matter. This case is in its early stages and no trial date has yet been set. The only prejudice identified by the City of New Orleans is the possibility that it would have to refile its Motion to Dismiss. The court notes that the plaintiffs do not appear to take the position that their amendment addresses the issues raised by the City in the pending Motion to Dismiss. Accordingly, it appears that the filing of the proposed Second Amended Complaint would not moot the present Motion to Dismiss.[1] Even if it did, it appears that the parties would be able to rely on the already filed motion, opposition, and reply. The potential prejudice is, therefore, minimal and not sufficient to deny plaintiffs leave to amend in this instance. Accordingly,

---

[1] The Motion to Dismiss is before the District Judge, who will decide whether to deny it as moot.

IT IS ORDERED that the Motion for Leave to File Second Supplemental and Amended Complaint (Rec. Doc. 68) is GRANTED; plaintiffs' Second Supplemental and Amended Complaint shall be filed into the record. Oral argument set for December 4, 2019, is CANCELLED.

New Orleans, Louisiana, this 3rd day of December, 2019.

Janis van Meerveld
United States Magistrate Judge