# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC LASSAIR ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-11377** |
| **NEW ORLEANS CITY ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court are the City of New Orleans's Motion to Dismiss (Doc. 16) and ARS Aleut Remediation, LLC and ARS International, LLC's Motion to Dismiss (Doc. 30). Oral argument on these motions was held on October 31, 2019. For the following reasons, the Motions are **GRANTED**.

## BACKGROUND

This case arises out of the remediation of radioactive materials detected in the soil near Lowerline and Edinburg Streets in New Orleans, Louisiana. Defendants are the City of New Orleans and its remediation contractors, ARS Aleut Remediation, LLC and ARS International, LLC. Plaintiffs are nearby home and business owners who allege that they suffered physical, emotional, and financial damages as a result of Defendants' failure to timely inform them

1

of the contaminant, relocate them during the remediation, provide them with protective gear, or inform them of the risks of exposure. Plaintiffs bring claims arising under state tort law and assert class action allegations.

Defendants removed the suit to this Court asserting both federal question and diversity jurisdiction. Defendants now move for dismissal arguing that the Price-Anderson Act ("PAA") provides the exclusive cause of action for Plaintiffs' claims and completely preempts the state law causes of action they attempt to bring. They further argue that Plaintiffs have failed to state a claim under the PAA, and their claims should therefore be dismissed. Plaintiffs oppose, arguing that the PAA is inapplicable here.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that

---

[1] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[2] *Id.*
[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.*

2

an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW AND ANALYSIS

### A. Plaintiffs' Claims Arise under the PAA

Defendants argue that the PAA provides Plaintiffs' exclusive cause of action and preempts Plaintiffs' state law claims. Plaintiffs argue that the PAA does not apply to this case because Defendants are not engaged in the nuclear energy and weapons industries.

"The PAA, as amended in 1988, establishes a federal cause of action known as a 'public liability action' for tort claims arising out of incidents involving radioactive materials."[8] The PAA provides that federal courts have original jurisdiction over these claims.[9] In enacting the PAA, "Congress clearly intended to supplant all possible state causes of action when the factual prerequisite[s] of the statute are met."[10]

The PAA "employs a chain of definitions to define the scope of a 'public liability action.'"[11] A "public liability action" is a "suit asserting public

---

[6] *Lormand*, 565 F.3d at 255–57.
[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[8] Cotroneo v. Shaw Envtl. & Infrastructure, Inc., 639 F.3d 186, 192 (5th Cir. 2011).
[9] 42 U.S.C. § 2210.
[10] *Cotroneo*, 639 F.3d at 192.
[11] *Id.*

3

liability."[12] "Public liability" means "any legal liability arising out of or resulting from a nuclear incident."[13] A "nuclear incident" is

> any occurrence, including an extraordinary nuclear occurrence, within the United States causing, within or outside the United States, bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material.[14]

"In short, a plaintiff who asserts any claim arising out of a 'nuclear incident' as defined in the PAA, can sue under the [PAA] or not at all."[15]

Accordingly, the question before this Court is whether the facts alleged by Plaintiffs constitute a "nuclear incident" as defined in the PAA such that their claims must be brought under the PAA. "In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished."[16] "The statute must be read as a whole, and only if the language is unclear do we turn to statutory history."[17]

Plaintiffs' Complaint expressly alleges that they suffered bodily injuries, among other things, as a result of exposure to Radium 226 and Radon 222 because of Defendants negligent remediation of radioactive materials in the

---

[12] 42 U.S.C. § 2014(hh).
[13] *Id.* § 2014(w).
[14] *Id.* § 2014(q).
[15] *Cotroneo*, 639 F.3d at 192 (internal citations and quotations omitted).
[16] Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 475 (1992).
[17] United States v. Ridgeway, 489 F.3d 732, 734 (5th Cir. 2007).

4

subsurface soil. The parties do not dispute that Radium 226 is a byproduct material. Accordingly, by its plain language, Plaintiffs' Complaint alleges a nuclear incident.[18] Plaintiffs argue, however, that the PAA should be limited to suits arising out of the nuclear energy and weapons industries. In so arguing, Plaintiffs cite to a string of cases in which the PAA applied to suits for injuries arising out of exposure to hazardous materials in the nuclear energy or weapons industries. These cases do not, however, establish that the PAA cannot apply elsewhere. Indeed, the few times the PAA has been interpreted by the Fifth Circuit, it has espoused a broad interpretation.

In *Gassie v. SMH Swiss Corp.*, a judge in this Court, relying on its plain language, held that the PAA applied to a products liability claim for the leaking of tritium from Swatch Watches against their manufacturer.[19] The Fifth Circuit affirmed the analysis, remanding only to ascertain whether tritium is "byproduct material."[20]

In *Acuna v. Brown & Root Inc.*, the Fifth Circuit rejected the idea that the term "nuclear incident" was "contingent on whether the occurrence took place in a state which regulates its own uranium industry under [Nuclear Regulatory Commission ("NRC")] guidelines or whether the facility is covered under the separate indemnification portions of the Act."[21] It noted that the

---

[18] *See Cotroneo*, 639 F.3d at 194 ("This suit is a 'public liability action' as defined by the PAA, because the plaintiffs allege that they suffered injuries and illnesses due to their exposure to radiation, and because they assert that the defendants bear legal liability arising out of these incidents of exposure to radiation.").
[19] Gassie v. SMH Swiss Corp., No. CIV. A. 97-3557, 1998 WL 71647, at *7 (E.D. La. Feb. 17, 1998) (Sear, J.).
[20] Gassie v. SMH Swiss Corp., 165 F.3d 23 (5th Cir. 1998).
[21] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

phrase "'nuclear incident' is not limited to a single, catastrophic accident."[22] It explained that "one purpose behind the 1988 amendments was to expand the scope of federal jurisdiction beyond actions arising from 'extraordinary nuclear occurrences' only."[23] The Fifth Circuit held that the district court had jurisdiction under the PAA over plaintiffs' claims that they had been injured by exposure to radiation and uranium dust resulting from defendant's uranium mining and processing activities.[24]

In *Cotroneo v. Shaw Environmental & Infrastructure, Inc.*, the plaintiffs sued their employer, Shaw Environmental, Inc., for exposing them to excessive levels of radiation during a government project to clean up radioactive material at a former nuclear source fabrication facility.[25] The Fifth Circuit applied the PAA without discussion.[26] Here too, Plaintiffs allege Defendants exposed them to radioactive materials during their efforts to clean up soil contamination.

Accordingly, considering both the plain language of the statute and the Fifth Circuit's broad interpretation, this Court feels bound to hold that Plaintiffs have alleged a nuclear incident and their exclusive cause of action is under the PAA. This Court did not reach this decision lightly. Indeed, the Court has much hesitation about the application of the PAA to the facts of this case and is sympathetic to Plaintiffs' position. As other courts have noted, the

---

[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Cotroneo*, 639 F.3d at 190.
[26] *Id.*

legislative history of the PAA would make a narrower interpretation of its application more compelling.[27]

"Congress enacted Price–Anderson to: (1) ensure that adequate funds would be available to satisfy liability claims in the event of a nuclear accident; and (2) encourage private sector participation in the atomic energy industry by reducing the threat of potentially enormous liability arising out of the operation of an atomic energy plant."[28] To accomplish these goals, the PAA provides "certain federal licensees with a system of private insurance, Government indemnification, and limited liability for claims of 'public liability.'"[29]

> Specifically, § 2210 provides two classes of defendants—Nuclear Regulatory Commission licensees and construction permittees, and Department of Energy contractors—with protection against public liability by (1) requiring that licensees shall maintain public liability insurance as prescribed by the Commission, (2) requiring the Commission and the Department to indemnify licensees and contractors against public liability in excess of the prescribed liability insurance coverage, and (3) providing that the aggregate

---

[27] *See* Samples v. Conoco, Inc., 165 F. Supp. 2d 1303, 1321 (N.D. Fla. 2001) (holding that "the PAA only applies to the nuclear energy and weapons industries"); Irwin v. CSX Transp., Inc., No. 3:10-CV-300, 2011 WL 976376, at *1 (E.D. Tenn. Mar. 16, 2011) (adopting reasoning in *Samples*); *see also Gassie*, 1998 WL 71647, at *5 (E.D. La. Feb. 17, 1998) ("Although the words 'any nuclear incident' were employed by Congress to convey the broad scope of the jurisdictional grant, there is little support in the legislative history or in other legal precedent for the idea that a products liability case, such as the one Plaintiffs have filed in this one, to conclude that the leaking of tritium from Swatch Watches constitutes a nuclear incident in terms of the Price–Anderson Act.").

[28] Corcoran v. New York Power Auth., 202 F.3d 530, 539 (2d Cir. 1999); 42 U.S.C. § 2012.

[29] El Paso Nat. Gas Co. v. Neztsosie, 526 U.S. 473, 476 (1999).

public liability for a single nuclear incident shall not exceed certain specified dollar amounts.[30]

The PAA's history indicates that "Congress passed the Act to improve the manageability of complex litigation, to ensure that liabilities arising from large nuclear incidents don't shutter the nuclear industry, and to guarantee compensation for victims who otherwise might be left trying to squeeze damages out of firms bankrupted by enormous awards."[31]

Plaintiffs do not allege that Defendants are NRC licensees, Department of Energy contractors, or engaged in the nuclear industry in any way. Indeed, Plaintiffs do not allege that Defendants are responsible for the Radium 226 found in the subsoil. The Complaint does not indicate who is responsible for the soil contamination or even how the soil came to be contaminated. Rather, the contamination was detected by Defendant City of New Orleans while scanning for security threats in preparation for hosting the 2013 Super Bowl. Defendants then endeavored to clean up and remediate the area. The application of the PAA to these facts does not seem to further its clearly expressed purposes.[32] Alas, this Court cannot ignore the PAA's unambiguous language and must hold that Plaintiffs have alleged a nuclear incident despite its reservations.[33]

---

[30] *Cotroneo*, 639 F.3d at 201.

[31] Cook v. Rockwell Int'l Corp., 790 F.3d 1088, 1096 (10th Cir. 2015).

[32] *See Gassie*, 1998 WL 71647, at *5 (noting that there is "little support" in legislative history for application of PAA but holding that "the unambiguous words of the Price–Anderson Act indicate that Plaintiffs' claims do constitute a public liability action arising from a nuclear incident.").

[33] "In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Estate of Cowart*, 505 U.S. at 475.

### B. Plaintiffs Fail to State a Claim under the PAA

Defendants next argue that Plaintiffs have failed to allege a claim under the PAA because they do not allege the violation of a federal standard of care. In so arguing, Defendants correctly point out that the Supreme Court has "made clear that federal law completely occupies the field of nuclear safety."[34] In light of this, other courts have held that "federal regulations must provide the sole measure of the defendants' duty in a public liability cause of action."[35]

Plaintiff does not offer any argument to the contrary. Plaintiffs' Complaint alleges only that Defendants breached their duty to warn, protect, and inform Plaintiffs of the risk of exposure to hazardous materials. Accordingly, this Court finds that Plaintiffs fail to allege a federal duty breached by Defendants, and therefore, have not sufficiently alleged a claim under the PAA.

### CONCLUSION

For the foregoing reasons, Defendants' Motions are **GRANTED**, and Plaintiffs' claims are **DISMISSED**. Plaintiffs may amend their Complaint within 20 days of this Order to the extent that they can remedy the deficiencies identified herein.

---

[34] O'Conner v. Commonwealth Edison Co., 13 F.3d 1090, 1101 (7th Cir. 1994).
[35] *Id.* at 1105; *see Gassie*, 1998 WL 158737, at *4 ("The appropriate standard of care to be applied in this case is dictated by federal law including federal safety regulations governing exposure to radiation because I have determined that this action is governed by the Price–Anderson Act and its corresponding regulations.").

New Orleans, Louisiana this 18th day of February, 2020.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**