UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC LASSAIR ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-11377** |
| **NEW ORLEANS CITY ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court are the City of New Orleans's Second Motion to Dismiss (Doc. 77) and ARS Aleut Remediation, LLC and ARS International, LLC's Second Motion to Dismiss (Doc. 79). For the following reasons, the Motions are **GRANTED**.

## BACKGROUND

This case arises out of the remediation of radioactive materials detected in the soil near Lowerline and Edinburg Streets in New Orleans, Louisiana. Defendants are the City of New Orleans and its remediation contractors, ARS Aleut Remediation, LLC and ARS International, LLC.[1] Plaintiffs are nearby

---

[1] In their Amended Complaint, Plaintiffs also add Environmental Restoration, LLC as a defendant, but it has not been served.

1

home and business owners who allege that they suffered physical, emotional, and financial damages as a result of Defendants' failure to timely inform them of the contaminant, properly cover the contaminant, relocate them during the remediation, provide them with protective gear, or inform them of the risks of exposure. Initially, Plaintiffs brought claims arising under state tort law in state court. However, Defendants removed the suit to this Court arguing that the Price-Anderson Act ("PAA") provides the exclusive cause of action for Plaintiffs' claims and completely preempts the state law causes of action they attempted to bring. This Court agreed and gave Plaintiffs time to amend their Complaint to state a claim under the PAA.[2]

In response to Plaintiffs' Amended Complaint, Defendants filed the instant Motions to Dismiss, alleging that Plaintiffs' amendments still fail to state a claim under the PAA. Plaintiffs have failed to oppose the Motions to Dismiss. The Court may not, however, simply grant the instant Motions as unopposed. The Fifth Circuit approaches the automatic grant of dispositive

---

[2] Doc. 72.

motions with considerable aversion.[3] Instead, the Court will consider the merits of Defendants' arguments.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[4] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[5] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[6] The court need not, however, accept as true legal conclusions couched as factual allegations.[7] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[8] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[9] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[10]

---

[3] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of La. (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).

[4] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[5] *Id.*

[6] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[7] *Iqbal*, 556 U.S. at 678.

[8] *Id.*

[9] *Lormand*, 565 F.3d at 255–57.

[10] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

"The PAA, as amended in 1988, establishes a federal cause of action known as a 'public liability action' for tort claims arising out of incidents involving radioactive materials."[11] This Court has already held that the PAA is Plaintiffs' exclusive cause of action and supplants all possible state causes of action.[12] Defendants allege that Plaintiffs' Amended Complaint again fails to state a claim under the PAA because it does not allege a federal duty owed.

The Supreme Court has "made clear that federal law completely occupies the field of nuclear safety."[13] In light of this, other courts have held that "federal regulations must provide the sole measure of the defendants' duty in a public liability cause of action."[14] Plaintiffs' Amended Complaint alleges only that Defendants breached their duty to warn, protect, and inform Plaintiffs of the risk of exposure to hazardous materials. Plaintiffs do not point to any federal regulation violated by Defendants and do not purport to allege the amount of radiation to which they believe they were exposed. Accordingly, this Court finds that Plaintiffs fail to allege a federal duty breached by Defendants and therefore have not sufficiently alleged a claim under the PAA.

---

[11] Cotroneo v. Shaw Envtl. & Infrastructure, Inc., 639 F.3d 186, 192 (5th Cir. 2011).

[12] Doc. 72; see Cotroneo, 639 F.3d at 192. Accordingly, to the extent that Plaintiffs attempt to resurrect any state law claims in their Amended Complaint, those claims are dismissed.

[13] O'Conner v. Commonwealth Edison Co., 13 F.3d 1090, 1101 (7th Cir. 1994).

[14] *Id.* at 1105; *see* Gassie v. SMH Swiss Corp. for Microelectric & Watchmaking Indus., No. CIV. A. 97-3557, 1998 WL 158737, at *4 (E.D. La. Mar. 26, 1998) ("The appropriate standard of care to be applied in this case is dictated by federal law including federal safety regulations governing exposure to radiation because I have determined that this action is governed by the Price–Anderson Act and its corresponding regulations.").

**CONCLUSION**

For the foregoing reasons, Defendants' Motions are GRANTED, and this matter is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 16th day of July, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**